**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARIEL OLIVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOOM, INC.,<br><br>Defendant. | Case No. 2:22-cv-01857-WSS<br><br>Judge William S. Stickman IV<br><br>*Electronically Filed* |

**DEFENDANT NOOM, INC.'S MOTION TO DISMISS THE COMPLAINT**

AND NOW COMES Defendant Noom, Inc. ("Noom"), by and through its counsel, and respectfully moves this Honorable Court to dismiss the Complaint filed by Plaintiff Ariel Oliver ("Plaintiff") for the following reasons:

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Noom requests that this Court dismiss this case, with prejudice, on the basis that it lacks personal jurisdiction over Noom. Plaintiff's allegations fail to establish general jurisdiction over Noom, which is incorporated in Delaware and headquartered in New York. Plaintiff's Complaint also does not establish that there is specific personal jurisdiction over Noom, because Plaintiff fails to plead facts showing that (1) Noom purposefully directed its activities at the forum and (2) Plaintiff's claims "arise out of or relate to" Noom's activities in Pennsylvania.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Noom requests that this Court dismiss, with prejudice, each of Plaintiff's claims for failure to state a claim upon which relief may be granted. First, Plaintiff fails to sufficiently allege that Noom "intentionally intercept[ed] … any wire, electronic or oral communication," as required to state a claim under Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA") and further consented to

Noom's alleged data collection at issue. Second, Plaintiff cannot state a claim for intrusion upon seclusion, because Plaintiff fails to plead (1) an intentional intrusion, (2) a reasonable expectation of privacy over her actions on Noom's website, and (3) that the alleged data collection would be considered highly offensive to any reasonable person.

Noom's Motion to Dismiss the Complaint is based on this Motion, the accompanying Memorandum of Law, the concurrently filed Declaration of Brent Zajaczkowski and the exhibits attached thereto, all pleadings and papers on file in this matter, and upon such matters as may be presented to the Court. Noom also attaches hereto as **Exhibit 1** a true and correct copy of the court opinion in *Licea v. Caraway Home Inc., et al.*, No. 5:22-cv-017971-JGB-SHKx, ECF No. 20, Order Granting Defendant's Motion to Dismiss (C.D. Cal. Feb. 9, 2023), which is cited on page 9 of the accompanying Memorandum of Law in Support of the Motion to Dismiss.

WHEREFORE, Noom respectfully requests that the Court grant its Motion to Dismiss the Complaint and enter an order dismissing Plaintiff's Complaint in its entirety, with prejudice.

Dated: March 1, 2023

Respectfully submitted,

*/s/ Kyle C. Wong*
Kyle C. Wong*
kwong@cooley.com
Aarti Reddy*
areddy@cooley.com
Sharon Song*
ssong@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
*Admitted *Pro Hac Vice*

Maria Greco Danaher
PA I.D. No. 47036
Email: maria.danaher@ogletree.com
**OGLETREE DEAKINS**

One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412-394-3390

*Counsel for Defendant*
Noom, Inc.

## CERTIFICATE OF MEET AND CONFER

Pursuant to Section II.B. of this Court's Practices and Procedures, Noom certifies that before filing this Motion to Dismiss the Complaint, it made a good faith effort to confer with opposing counsel to determine whether the pleading deficiencies in the Complaint may be cured by amendment.

Dated: March 1, 2023

/s/ Kyle C. Wong
Kyle C. Wong