**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARIEL OLIVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOOM, INC.,<br><br>Defendant. | Case No. 2:22-cv-01857-WSS<br><br>Judge William S. Stickman IV<br><br>*Electronically Filed* |

**DEFENDANT NOOM, INC.'S NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant Noom, Inc. ("Noom") respectfully submits this notice of additional supplemental authority to bring to the Court's attention two orders in support of its Motion to Dismiss the First Amended Complaint (the "Motion") (ECF No. 20).[1]

***First***, on July 24, 2023, the Honorable William G. Young of the District of Massachusetts dismissed a complaint brought against Goodyear Tire and Rubber Company ("Goodyear"), alleging that Goodyear's use of session replay technology on its website violates Massachusetts privacy laws. *See Alves v. Goodyear Tire & Rubber Co.*, No. CV 22-11820-WGY, 2023 WL 4706585 (D. Mass. July 24, 2023) (the "*Alves* Order") (attached hereto as Exhibit A). In dismissing the case, the Court held that the mere accessibility of Goodyear's interactive website in Massachusetts "as a matter of law … is not enough to subject Goodyear to [the] Court's personal jurisdiction." *Id.* at *1. The Court found that the *Alves* Plaintiff "offers no evidence to show that the website is especially tailored for Massachusetts consumers or that Goodyear made special efforts to market its website in the Commonwealth … than it did at Rhode Island, or Arkansas, or Hawaii, or any other state in the Union." *Id.* at *6 (internal quotations and citations omitted).

***Second***, on July 25, 2023, the Honorable Marilyn J. Horan of the Western District of Pennsylvania dismissed a similar complaint brought against a session replay provider, FullStory, Inc. ("FullStory"), which was filed by the same Plaintiff's counsel in this case. *See Hasson v. FullStory, Inc.*, No. 2:22-CV-1246, 2023 WL 4745961 (W.D. Pa. July 25, 2023) (the "*Hasson* Order") (attached hereto as Exhibit B). The *Hasson* plaintiff alleged that FullStory's provision of session replay technology services to Mattress Firm, a Texas company, violated the Pennsylvania Wiretap Act and was a common law invasion of privacy. As in *Alves*, the *Hasson* Court dismissed the case for lack of personal jurisdiction, holding that the "[m]ere operation of a website does not

---

[1] *See also* ECF No. 26 (Noom's Notice of Supplemental Authority in Support of its Motion to Dismiss the First Amended Complaint) (bringing to the Court's attention an order dismissing the complaint in *Mikulsky v. Noom, Inc.*, 3:23-cv-00285-H-MSB (S.D. Cal. July 17, 2023)).

cause a website provider (or a third-party vendor) to expressly aim its conduct at the forum state." *Id.* at *2. The Court further held that it "concurs with the reasoning from the *Saleh* and *Mikulsky* cases and finds that FullStory did not expressly aim its software services at Pennsylvania," and on that basis, dismissed the action without leave to amend. *Id.* at *3; *see id.* at *4 (noting "amendment would be futile where the court lacks personal jurisdiction over the defendant").

Noom respectfully submits that the *Alves* and *Hasson* Orders further support dismissal of Plaintiff Oliver's claims here.

Dated: August 3, 2023

Respectfully submitted,

*/s/ Kyle C. Wong*
Kyle C. Wong*
kwong@cooley.com
Aarti Reddy*
areddy@cooley.com
Sharon Song*
ssong@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
*Admitted *Pro Hac Vice*

Maria Greco Danaher
PA I.D. No. 47036
Email: maria.danaher@ogletree.com
**OGLETREE DEAKINS**
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412-394-3390

*Counsel for Defendant*
Noom, Inc.