**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARIEL OLIVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOOM, INC.,<br><br>Defendant. | Case No. 2:22-cv-01857-WSS<br><br>Judge William S. Stickman IV<br><br>*Electronically Filed* |

**DEFENDANT NOOM, INC.'S RENEWED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

AND NOW COMES Defendant Noom, Inc. ("Noom"), by and through its counsel, and respectfully moves this Honorable Court to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Ariel Oliver ("Plaintiff") for the following reasons:

On August 22, 2023, this Court granted in part and denied in part Noom's motion to dismiss the FAC, dismissing Plaintiff's intrusion upon seclusion claim for failure to state a claim but sustaining her wiretapping claim. *See generally* ECF Nos. 28, 29. The Court also denied Noom's motion to dismiss for lack of personal jurisdiction without prejudice and ordered the parties to engage in jurisdictional discovery. *See id*. The Parties conducted jurisdictional discovery from late 2023 through March 2024. In April 2024, the parties were prepared to brief jurisdictional issues, including Article III standing, when they mutually agreed to a stay pending resolution of a pair of Third Circuit appeals involving personal jurisdiction challenges of similar wiretapping claims arising from the use of session replay technology. *See* ECF Nos. 51–52.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(1), and Article III of the United States Constitution, Noom

[1] Noom is no longer challenging the existence of personal jurisdiction in this specific matter.

requests that this Court dismiss this case, with prejudice, for lack of subject matter jurisdiction on the basis that Plaintiff fails to plead facts sufficient to support Article III standing.

Specifically, Noom requests that this Court dismiss with prejudice Plaintiff's remaining claim for failure to plead injury-in-fact. First, Plaintiff's allegations that Noom used session replay software to intercept her "mouse movements, clicks, keystrokes" and other "electronic communications with Noom's website" are identical to allegations that numerous other courts have held are insufficient to plead injury-in-fact—including two such actions against Noom itself. Second, Plaintiff's allegations that she "was required to complete a 10-minute quiz" regarding her weight loss goals and other health information and that "Noom asked Plaintiff to enter her email address in order to receive a copy of the results of her quiz" are not sufficient. Nowhere does Plaintiff specifically allege that she actually provided her email address—or any other identifiable information—to Noom. Nor does she allege that Noom used that information to link Plaintiff's purported survey response to her account. As other Courts—including the Third Circuit Court of Appeals—have held in nearly identical circumstances, these omissions are fatal to her claim. Third, Plaintiff has not and cannot allege any injury akin to a common law privacy harm. Indeed, Plaintiff's intrusion upon seclusion claim was already dismissed for failure to plead a reasonable expectation of privacy in information voluntarily shared with Noom and for lack of highly offensive conduct in the purported recording of information involuntarily shared with Noom. *See generally* ECF Nos. 28, 29. Plaintiff also cannot analogize her purported harm to disclosure of private information because disclosure to a third-party vendor, and not the broader public, is not analogous to the harm associated with that tort. Plaintiff does not and cannot plead disclosure to the broader public here.

Noom's Renewed Motion to Dismiss the FAC is based on this Motion, the accompanying Memorandum of Law, and upon such matters as may be presented to the Court.

WHEREFORE, Noom respectfully requests that the Court grant its Renewed Motion to Dismiss the FAC and enter an order dismissing Plaintiff's FAC in its entirety, with prejudice.

Dated: March 31, 2026

Respectfully submitted,

*/s/ Aarti Reddy*
Aarti Reddy*
areddy@cooley.com
Kyle C. Wong*
kwong@cooley.com
Jessica Taylor*
jtaylor@cooley.com
Miryam C. Fhima*
mfhima@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
*Admitted *Pro Hac Vice*

Maria Greco Danaher
PA I.D. No. 47036
Email: maria.danaher@ogletree.com
**OGLETREE DEAKINS**
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412-394-3390

*Counsel for Defendant*
Noom, Inc.

**CERTIFICATE OF MEET AND CONFER**

Pursuant to Section II.B. of this Court's Practices and Procedures, Noom certifies that before filing this Renewed Motion to Dismiss the First Amended Complaint ("FAC"), it made a good faith effort to confer with opposing counsel to determine whether the pleading deficiencies in the FAC may be cured by further amendment.

Dated: March 31, 2026

*/s/ Aarti Reddy*
Aarti Reddy