IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARIEL OLIVER, *individually and on behalf of all others similarly situated*,

　　　　　　　　　　*Plaintiff*,

　　v.

NOOM, INC.,

　　　　　　　　　　*Defendant*.

Civil Action No. 2:22-cv-1857

Hon. William S. Stickman IV

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Ariel Oliver ("Oliver") filed a putative class action on behalf of herself and all others similarly situated alleging that Defendant Noom, Inc. ("Noom") unlawfully intercepted and recorded website users' electronic communications with its website.  (ECF No. 15).  In the First Amended Complaint – Class Action ("Amended Complaint"), Plaintiffs brought a claim for violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. C.S. § 5701, *et. seq*. (Count I), and a Pennsylvania common law claim for invasion of privacy (Count II).   The Court granted in part and denied in part Noom's motion to dismiss the Amended Complaint.  (ECF No. 20).  The motion to dismiss for failure to state a claim was denied as it related to Oliver's WESCA claim (Count I), and granted as it related to her common law claim for intrusion upon seclusion (Count II).  The motion to dismiss for lack of personal jurisdiction was denied without prejudice, and the Court ordered jurisdictional discovery to proceed alongside substantive discovery.  It gave leave for Noom to reassert its motion to dismiss for lack of personal jurisdiction.  With jurisdictional discovery now closed, Noom has

1

filed a renewed request to dismiss this case, with prejudice, for lack of subject matter jurisdiction.[1]  Noom contends that Oliver has failed to plead facts sufficient to support Article III standing.  For the following reasons, the Court will grant the motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Noom is a subscription-based "digital health and wellness platform" organized under Delaware law with its principal place of business in New York.  (ECF No. 15, ¶¶ 6, 43).  "Noom operates the website www.noom.com, as well as all of its subpages."  (*Id.* at 43).  According to the Amended Complaint, "Noom intentionally procures and embeds various Session Replay Codes from Session Replay Providers on its website to track and analyze website user interactions with www.noom.com and its subpages."  (*Id.* at 45).  "One such Session Replay Provider that Noom procures is FullStory."  (*Id.* at 46).  FullStory is the owner and operator of a Session Replay Code called FullStory Script, which, according to the Amended Complaint, "records all website visitor actions, including information typed by the website users while on the website."  (*Id.* at 47).  This information "can include names, emails, phone numbers, addresses, social security numbers, date[s] of birth, and more[.]"  (*Id.*).  FullStory Script also records "button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation, changes to visual elements in the browsers, network requests, and more."  (*Id.* at 48).  It also collects website users' IP addresses, geolocation data, as well as "highly personal information and substantive communications that can be linked directly to a website user's identity[.]"  (*Id.* at 49, 50).  The information collected by FullStory Script is stored on FullStory's servers and "can be translated into a simulation video" showing how a user interacted with the website.  (*Id.* at 49).

---

[1] Federal Rule of Civil Procedure ("Rule") 12(b)(2) requires a court to dismiss a case when it lacks personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).

Oliver is a Pennsylvania citizen who, at all times relevant to this lawsuit, resided in Pennsylvania. (*Id.* at 5). According to the Amended Complaint, while in Pennsylvania, Oliver visited Noom's website and its subpages to browse for various products. (*Id.* at 54, 57). "[T]he FullStory Script was operative on Noom's website and subpages during [Oliver's] visits to Noom's website." (*Id.* at 56). Oliver "communicated with Noom's website by using her mouse to hover and click on certain services and typing her personal information in text fields." (*Id.* at 57). While on Noom's website, Oliver signed up for a trial membership, which required her "to complete a 10-minute quiz where Noom asked questions relating to her weight loss goals, her gender, age, height, weight, lifestyle, marital status, health conditions, [and] her weight loss goals." (*Id.* at 58). "At the end of the quiz, Noom asked [Oliver] to enter her email address in order to receive a copy of the results of her quiz." (*Id.*).

Upon completing the quiz, website users are asked to agree to Noom's Privacy Policy and Terms of Use. (*Id.* at 73). According to the Amended Complaint, website visitors are not asked to agree to Noom's Privacy Policy or Terms of Use at any time prior to the completion of Noom's introductory quiz. (*Id.*). Noom's website contains a link to Noom's Privacy Policy and Terms of Use, but according to Oliver, the link is "buried at the very bottom of the website in tiny, non-contrasting font that is unobtrusive and easy to overlook." (*Id.* at 74). Based on these factual allegations, Oliver initiated this lawsuit, claiming that Noom unlawfully intercepted her communications with Noom's website without prior consent. (*Id.*).

## II.    ANALYSIS

To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Cook v. GameStop, Inc.*, 148 F.4th 153, 157 (3d Cir. 2025) (quoting

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  What is at issue here is the first element –

injury in fact.  "To establish injury in fact, a plaintiff must show that he or she suffered an

invasion of a legally protected interest that is concrete and particularized and actual or imminent,

not conjectural or hypothetical."  *Spokeo*, 578 U.S. at 339 (citation modified).  To be "concrete"

an injury must be "real, and not abstract."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424

(2021) (citation modified).  The "most obvious" concrete injuries result from "traditional

tangible harms, such as physical harms and monetary harms."  *Id*. at 425.  Although an intangible

harm, like reputational harm, can be concrete, the harm must have "a 'close relationship' to a

harm traditionally recognized as providing a basis for a lawsuit in American courts[.]"  *Id*. at 417

(citing *Spokeo*, 578 U.S. at 340–41).  Thus, the kind of harm a plaintiff alleges must be compared

with the harm caused by a comparator tort.  *GameStop*, 148 F.4th at 158–59.

While on Noom's website, Oliver signed up for a trial membership, which required her

"to complete a 10-minute quiz where Noom asked questions relating to her weight loss goals, her

gender, age, height, weight, lifestyle, marital status, health conditions, [and] her weight loss

goals."  (ECF No. 15, ¶ 58).  "At the end of the quiz, Noom asked [Oliver] to enter her email

address in order to receive a copy of the results of her quiz."  (*Id*.).  Oliver has not pled that she

provided her email address, credit card, or any other identifiable information to Noom.  She also

has not pled that Noom linked the results of her quiz to her or her Noom account.  Thus, there is

no concrete injury.

Furthermore, there is no intangible injury.  No tort of public disclosure of private facts

exists.[2]  While Oliver takes issue with the quiz information being shared to the session replay

---

[2] As the United States Court of Appeals for the Third Circuit recently explained,
> The tort of public disclosure of private facts is also known as "unreasonable
> publicity given to another's private life." *Barclift* [v. *Keystone Credit Services,*

provider, she, like the plaintiff in *Cook v. Gamestop, Inc.*, 148 F.4th 153 (3d Cir. 2025), makes no allegations that her information was publicly disclosed and she suffered resulting embarrassment or humiliation. *Id*. at 160. Oliver has failed to demonstrate a harm comparable to the tort of disclosure of private information. Furthermore, the Court has already rejected her invasion of privacy – intrusion upon seclusion claim. (ECF No. 28). The Court held that her voluntary supply of information to Noom cannot be considered a conversation concerning her "private affairs" within the meaning of intrusion upon seclusion. She voluntarily took a quiz. "Most of us understand that what we do on the Internet is not completely private." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 266 (3d Cir. 2016).

Nevertheless, Oliver argues that Noom's violation of WESCA satisfies the injury-in-fact requirement. (ECF No. 68). According to Oliver, she suffered an injury in fact due to Noom's violation of WESCA because her privacy was invaded when her communications with Noom's website were intercepted by the session replay code. (*Id*.). But, "[a]n alleged statutory violation is not necessarily an injury in fact; "a concrete injury" is still required. *TransUnion*, 594 U.S. at 426 (quoting *Spokeo*, 578 U.S. at 341). "That is because the legislature 'may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is.'" *Cook*, 148 F.4th at 158 (citing *TransUnion*, 594 U.S. at 426).

---

LLC], 93 F.4th [136], 145 [3rd Cir. 2024]). A defendant is liable for this tort if he "gives publicity to a matter concerning the private life of another ... if the matter publicized is one of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Restatement (Second) of Torts § 652D (1977) ("Second Restatement § 652D"). The harm is "the humiliation that accompanies the disclosure of sensitive or scandalizing private information to public scrutiny." *Barclift*, 93 F.4th at 145–46 (citation modified). So if the information disclosed is not of an "offensive character," or if the information is not disclosed to the public, the harm is not analogous. *Id*. at 146.
*In re BPS Direct, LLC; Cabela's, LLC Wiretapping Litigation*, 175 4th 423, 430-31 (3rd Cir. 2026).

Oliver incorrectly implies that wherever there is a statutory violation of WESCA for tracking web browsing information, there is also an invasion of privacy and a concrete harm. *Id.* at 163.

The Court holds that Oliver has failed to plead a concrete injury to confer Article III standing. The remaining claim, an alleged violation of WESCA, will be dismissed without prejudice. *Barclift*, 93 F.4th at 148 ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper." (citation modified)).

### III.   CONCLUSION

For the foregoing reasons, Noom's motion will be granted by order to follow.

BY THE COURT:


s/  William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE


July 10, 2026
Dated

6